**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID TYRONE HALL | : | |
|     Petitioner | : | |
| v | : | Civil Action No. CCB-07-1655 |
| | | Criminal Case CCB-98-192 |
| UNITED STATES OF AMERICA | : | |
|     Respondent | : | |

o0o

## MEMORANDUM

The above-captioned motion for relief from operation of judgment pursuant to Rule 60(b)(3) and (6) was filed on June 26, 2007. Paper No. 217. For the reasons that follow, the court determines that the motion is properly construed under 28 U.S.C. §2255 and must be dismissed without prejudice for lack of jurisdiction.

On June 17, 1999, petitioner was sentenced to serve a life term, with concurrent sentences of 120 months and 5 years. Paper No. 137. On June 17, 1999, petitioner appealed his conviction to the Fourth Circuit Court of Appeals. Paper No. 138. The Circuit Court affirmed in part, vacated in part, and remanded in part the judgment of this court. Paper No. 167. On April 13, 2001, the judgment was amended and petitioner was sentenced to 360 months as to count one, life imprisonment as to counts two, four and six to run concurrently with count one, and 120 months as to counts eight, nine and ten to run concurrently. Paper No. 178. Petitioner filed another appeal on April 16, 2001, which resulted in a June 19, 2002,decision affirming the judgment of this court. Papers No. 179, 197 and 198.

On October 14, 2003, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Paper No. 201, *see also Hall v. United States*, Civil Action No. CCB-03-2911 (D. Md. 2003). On June 23, 2005, this court denied petitioner's motion to vacate. Papers No. 208 and 209. Petitioner filed a motion to alter or amend on July 18, 2005, which was also denied. Papers No. 210 and 211.

Petitioner appealed the denial of the motion to vacate to the Fourth Circuit Court of Appeals. That court denied a certificate of appealability and dismissed the appeal.  Papers No. 212 and 214.

In his current motion, petitioner asserts his Sixth Amendment right to a fair trial was violated when the threshold amount of 50 grams of cocaine base was not determined by the jury or record evidence; his right under the confrontation clause of the Sixth Amendment was violated when the government solicited evidence and testimony it knew to be false; and the evidence produced at trial failed to establish a violation of interstate commerce with respect to the firearms and ammunition charges combined in counts eight, nine and ten of the indictment.  Paper No. 217 at p. 3.

The extraordinary remedy of Rule 60(b) is only granted in exceptional circumstances.  *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979).  In this case, petitioner has not advanced any grounds justifying relief under any of the subsections of Rule 60(b).[1]  Although the instant pleading is styled as a Rule 60(b) motion, it challenges the constitutionality of petitioner's sentence. As such, it is properly considered a successive 28 U.S.C. §2255 motion. *See  United States v. Winestock*, 340 F. 3d 200, 206-07 (4th Cir. 2003). [2]

---

[1]  Fed. R. Civil P 60(b) provides in relevant part:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2] In  *Winestock*, the United States Court of Appeals for the Fourth Circuit distinguished between a Rule 60(b) motion and a 18 U.S.C. §2255 motion.  The Fourth Circuit explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a

A collateral challenge to a federal criminal conviction is reviewed under 28 U.S.C. § 2255. Petitioner may not circumvent the limitations on successive collateral review by attaching a different label to his pleading. *See Winestock*, 340 F. 3d at 203 (citing *Calderon v. Thompson*, 523 U.S.538, 553 (1998)). The instant motion represents a successive §2255 challenge to petitioner's convictions. Where a petitioner who has previously filed a §2255 motion attempts to raise a new claim for relief, it must be treated as a successive motion and dismissed. *See Lopez v. Douglas*, 141 F. 3d 974, 975 (10th Cir. 1998). Regardless of the label used it is the subject matter of the motion and not its title which determines its status. *See Calderon*, 523 U.S. at 553-54; *Winestock*, 340 F. 3d at 203.

As a successive § 2255 motion, the merits of the instant petition may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).[3] Since petitioner has failed to comply with the procedural requirements for a second or successive petition, the motion will be dismissed without prejudice by separate order.


July 13, 2007                           /s/
Date                                    Catherine C. Blake
                                        United States District Judge

---

proper motion to reconsider." *Id*. at 207. Where, as here, a prisoner attacks the propriety of his conviction, not the underlying collateral review process, the motion is more properly construed as a section 2255 motion to correct sentence.

[3] Attached hereto are the instructions issued by the United States Court of Appeals for the Fourth Circuit to obtain the aforementioned authorization. The procedural requirements and deadlines for filing the motion are extensive. It is to be emphasized that petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this court may consider a request for collateral review.

3